125 N.J. Super. 48 (1973)
308 A.2d 370
IN THE MATTER OF PROPOSED INCREASED INTRASTATE INDUSTRIAL SAND RATES BY THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, R.D. TIMPANY, TRUSTEE.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1973.
Decided July 23, 1973.
*50 Before Judges LORA, ALLCORN and HANDLER.
Mr. Howard T. Rosen argued the cause for appellants (Rosen and Weiss, attorney; Mr. Walter G. Reinhard, on the brief).
Mr. J. Edgar McDonald of the New York Bar, argued the cause for respondent (Mr. Richard B. Wachenfeld, attorney).
Mr. William Gural, Deputy Attorney General, argued the cause for the Board of Public Utility Commissioners (Mr. George F. Kugler, Jr., Attorney General, attorney).
PER CURIAM.
As we earlier observed in directing the remand of this cause for findings, "in the performance of its rate-fixing function the Board [of Public Utility Commissioners] is bound by one over-riding statutory direction and consideration  namely, that the rates fixed be `just and reasonable.'" Equally fundamental is the proposition, universally accepted, that the "justness and reasonableness of a particular rate * * * can only be determined after an examination of a company's property valuation which constitutes its rate base; its expenses, including income taxes and and an allowance for depreciation; and the rate of return developed by relating its income to the rate base." Public Service Coord. Transport v. State, 5 N.J. 196, 216 (1950).
Thus it is that the sole authority of the Board to determine the justness and reasonableness of an existing or proposed rate without finding a rate base is restricted to *51 the three exceptional and extraordinary situations spelled out by the Legislature in N.J.S.A. 48:2-21.2. And thus it is that the authority granted to the Board to "negotiate * * * with * * * [the] public utility for an adjustment of the individual rates," must be confined to interim relief pending a proceeding to determine the justness and reasonableness of an existing or proposed rate, N.J.S.A. 48:2-21.1; In re N.J. Power & Light Co., 15 N.J. 82, 96-97 (1954). Were N.J.S.A. 48:2-21.1 to be otherwise construed, rates could be negotiated by the utility with the Board on a permanent basis, completely without regard to the resultant rate of return to the utility and absent any other legislative standards indispensable to a proper delegation of the rate-making power.
In the present case the Board has approved the new rates which, admittedly, were fixed by way of negotiation with the carrier, on a permanent rather than on an interim basis. Lacking such authority, the orders from which the appeals are taken cannot be sustained under N.J.S.A. 48:2-21.1. Compare, Driscoll v. Edison Light & Power Co., 307 U.S. 104, 59 S.Ct. 715, 83 L.Ed. 1134 (1938).
Neither may the orders be justified by virtue of the authority delegated to the Board under N.J.S.A. 48:2-21, generally to fix, modify, approve and disapprove rates. For, although the Board concluded that the "proposed increased rates * * * are just and reasonable," the conclusion is founded upon considerations other than a fair rate of return calculated by relating projected income (including that reasonably to be anticipated from the proposed increase) to the carrier's rate base. We do not consider fully allocated costs to be an acceptable substitute. A "finding of fact as to rate base * * * is the foundation stone of a rate determination," and without it there is nothing to support a rate approved or fixed under N.J.S.A. 48:2-21. Central R. Co. of N.J. v. Dept. of Public Utilities, 7 N.J. 247, 263 (1951).
Except for the authority granted to the Board by N.J.S.A. 48:2-21 and N.J.S.A. 48:2-21.1, the single remaining *52 grant of authority to the Board to fix and approve rates here applicable is found in N.J.S.A. 48:2-21.2(1)(a). It is there provided:
In arriving at any determination as to the justness or reasonableness of any existing rate, fare or charge, or in prescribing a just and reasonable rate, fare or charge, the board shall not be bound:
1. To find a rate base, if it determines that
(a) the applicable operating expenses plus depreciation and taxes of conducting the business, for which the rate, fare or charge is established, computed on the basis of the 12 months next preceding the month in which the proceeding is initiated, exceeds the revenue from said operation, during said period, under the existing rates, fares and charges and that the revenue under the proposed increased rates, fares or charges will not exceed such operating expenses, depreciation and taxes, * * *.
A reading of the Board determinations reveals, here again, no findings such as would justify approval of the proposed rates under the terms of the above-quoted section of the statute. Even assuming the soundness of the basic figures adopted by the Board, it is conceded by the Board that the average revenue per car at the proposed rates would be well in excess of out-of-pocket costs. Indeed, the Board further concedes that the revenue per car at the existing (old) rates exceeds out-of-pocket costs in the case of shipments to three of the five shipping destinations  and the figures demonstrate that the aggregate per car revenue exceeds the aggregate per car out-of-pocket costs for all five destinations.
We conclude, therefore, that the action of the Board in approving and accepting the proposed increased rates on industrial sand was without legal basis or authority, and for this reason must be set aside. In so concluding we are not unmindful of nor unsympathetic to the difficulties and problems confronting many rail carriers, including The Central Railroad of New Jersey. Notwithstanding, such predicament does not and cannot justify the fixing or approval of freight or other rates without regard to the standards, long extant, by which the competing interests of the railroad and *53 the public are served. Cf., Interstate Commerce Comm'n v. Union Pacific Railroad, 222 U.S. 541, 549, 32 S.Ct. 108, 56 L.Ed. 308 (1911).
Accordingly, the action of the Board of Public Utility Commissioners is set aside and the cause is remanded to the Board to enter an order disapproving the increases in rates proposed, N.J.S.A. 48:2-46; and the Clerk of the Superior Court is authorized to pay to each of the shippers who have made deposits with the Clerk pursuant to the direction contained in the opinion of this court in this matter, filed February 22, 1973, the respective sum or sums deposited by said shipper, upon application therefor.